IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:19-cv-

JANNA ALLEN,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

Defendant, Allstate Insurance Company ("Allstate"), through its attorneys, Tucker Holmes, P.C., submits, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the following Notice of Removal to the United States District Court for the District of Colorado.  In support thereof, Defendant states:

1.    Defendant Allstate is a named defendant in Civil Action No. 2019CV30565, captioned *Janna Allen v. Allstate Insurance Company* in Boulder County District Court (the "State Court Action").  Plaintiff filed an Amended Complaint in the State Court Action with the Clerk of the District Court of Boulder County, Colorado on September 10, 2019.  (See, *Amended Complaint*, attached hereto as **Exhibit A**.)

2.    Plaintiff served the Summons and Amended Complaint on the Defendant through the Division of Insurance on September 11, 2019.  (See, *Affidavit of Service,* attached hereto as **Exhibit B**.)  Copies of the Summons and Civil Case Cover Sheet served on Defendant are

-1-

attached hereto as **Exhibit C** and **Exhibit D**.

3. This Notice of Removal is filed with this Court within thirty (30) days after the Plaintiff's Amended Complaint was served on Defendant setting forth the claims for relief upon which Plaintiff's action is based.

4. This Court has jurisdiction over this action under 28 U.S.C. §1332, and this action is removable under 28 U.S.C. §1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Removal is appropriate here because there is complete diversity between the parties. "For the purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006.)

6. At all relevant times, Plaintiff was a resident of the State of Colorado. (See **Exhibit A**, ¶ 1.) Plaintiff's address according to the Complaint is 15924 Geddes Lane, Centennial, CO 80016. (See **Exhibit A**, p.10, Plaintiff's address.) On March 18, 2016, Plaintiff renewed her Colorado policy of insurance with Allstate in which Plaintiff represented her address to be 15924 Geddes Lane, Centennial, CO 80016. (See Insurance Policy attached as **Exhibit E**.) On June 7, 2016, the date of the subject accident, Plaintiff reported to the police that she resided at 7594 S. Cove Cir. Centennial, CO. (See Police Report attached as **Exhibit F**.) Further, according to Plaintiff's Voter Registration, she registered to vote in Colorado on July 15, 2016 and listed her address as 7594 S. Cove Cir., Centennial, CO 80122. (See **Exhibit G.**) Due to the length of time Plaintiff has resided in Colorado, Plaintiff's intent to remain in

Colorado is evident. As such, Plaintiff is properly domiciled in Colorado and is a citizen of the State of Colorado.

7.     For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). At all relevant times, Allstate was a foreign corporation, incorporated in, and with its principal place of business in the State of Illinois. (See **Exhibit A,** ¶ 2) Allstate is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction.

8.     The parties are therefore citizens of different states and thus this civil action is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1446(a) because this Court has diversity jurisdiction.

9.     The underlying event for this case is a motor vehicle accident involving Plaintiff on or about June 7, 2016. (See **Exhibit A,** ¶ 5; hereinafter "the Accident"). Plaintiff alleges that she was injured in the Accident when the vehicle in which she was a passenger was involved in a collision with Ms. Natalia Gonzalez. (See **Exhibit A,** ¶ 5) Plaintiff further alleges that as a result of the accident she suffers from chronic pain in her neck, has had breathing issues, vocal cord damage and physical impairment. (See **Exhibit A,** ¶¶ 8-9.)

10.    Plaintiff brings claims against Defendant for (1) Breach of Contract; (2) Bad Faith Breach of Insurance Contract and (3) Violation of C.R.S. § 10-3-1115 and 1116.

11.    Plaintiff also seeks from Defendant attorney fees and two times the covered benefits. (See, **Exhibit A**, ¶ 75.)

12. In her Complaint, in addition to her claimed injuries and damages, Plaintiff also seeks to recover non-economic damages incurred to the present time, economic losses incurred to present time, physical impairment damages, disfigurement, interest, costs and expert witness fees. (See **Exhibit A,** Prayer for Relief.)

13. When the complaint itself does not set forth the amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence. *WBS Connect, LLC v. One Step Consulting, Inc*. L 4268971, 2 -3 (D.Colo. 2007). Defendant must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

14. At all times relevant to this action, Plaintiff was insured under a policy issued by Defendant with coverage for uninsured/underinsured motorist benefits with $100,000 in uninsured motorist coverage.

15. Plaintiff and Defendant do not agree on the value of Plaintiff's claim for benefits.

16. Pursuant to the Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, *Hansen v. Am. Fam. Mut. Ins. Co.*, 383 P.3d 28 (Colo. App. 2013), *rev'd on other grounds,* 375 P.3d 115 (Colo. 2016), if Plaintiff proves her damages are equal to or exceed the $100,000 UIM policy limits, proves she is entitled to benefits under the policy, and proves those benefits were unreasonably delayed and denied, she is entitled to collect the policy limits of $100,000, plus two times the covered benefit, equaling a total of $300,000, plus attorney fees. Thus, pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, Plaintiff's allegation that Defendant has delayed or denied the payment of benefits without a reasonable basis meets the jurisdiction threshold on its own.

17. Attorney's fees may also be used in calculating the necessary jurisdiction amount in a removal proceeding when recovery is permitted by statute. *See*, *Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011).

18. Plaintiff's Civil Case Cover Sheet also indicates her claim seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs. (See, **Exhibit D**, District Court Civil Case Cover Sheet.) The Tenth Circuit has held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, No. 15-1369, 2016 WL 4502286, at *6 (10th Cir. Aug. 29, 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)."

19. Once the facts have been established, uncertainty about whether the plaintiffs can prove their substantive claims, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

20. Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate court for filing Notice of Removal from the District Court of Boulder County, Colorado, where the State Court case is currently pending. Further, jurisdiction of the Court is properly based on diversity of

citizenship pursuant to 28 U.S.C. § 1332.

21. Pursuant to D.C.Colo.LCIVR 81.1, the undersigned certifies that as of the date of this filing, no hearing has been set in the State Court case.

22. Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCIVR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the State Court clerk's office. Within fourteen days of the filing of this Notice of Removal, Defendant will file a current state court docket sheet (register of actions) and will separately file any pending motion, petition, and related response, reply and brief. Copies of the state court Amended Complaint, Civil Case Cover Sheet and any Answers or Returns of Service, or orders served upon Defendant are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Boulder County District Court to the United States District Court of Colorado.

DATED: October 2, 2019

Respectfully submitted,

By: *s/ Kurt H. Henkel*
Kurt H. Henkel
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO 80111-6714
Phone: (303) 694-9300
Fax: (303) 694-9370
E-mail: khh@tucker-holmes.com
*Attorneys for Allstate Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Howard Zucker, Esq.
ZUCKER LAW FIRM, P.C.
50 S. Steele Street, Suite 930
Denver, CO 80209
Phone No.: (720) 904-8444
Fax No.: (303) 623-5722
howard@zuckerlegal.com

Scott D. Smith, Esq.
TAUSSIG & SMITH, P.C.
5377 Manhattan Circle, Suite 203
Boulder, CO 80301
Phone No.: 303-443-2700
Fax No.: 303-448-9600
Scott@taussigsmith.com

*The duly signed original held in the file located at Tucker Holmes, P.C.*

  /s/ Kurt H. Henkel
Kurt H. Henkel